FEBRUARY TERM, 1884. 5

East Tennessee, Virginia and Georgia Railroad vs. Hartley.

---

EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD *vs.* HARTLEY.

When a person is killed by the running of the train of a railroad company, the presumption that the death was caused by the negligence of the company arises, and the burden of rebutting it rests upon such company; but this burden was successfully carried, under the facts of this case.

April 15, 1884.

Railroads. Damages. Negligence. Before Judge FAIN. Whitfield Superior Court. October Term, 1883.

Reported in the decision.

McCUTCHEN & SHUMATE, for plaintiff in error.

R. J. McCAMY, for defendant.

JACKSON, Chief Justice.

The widow of a man killed by the running of the trains of the East Tennessee, Virginia and Georgia Railroad Company recovered a verdict of one thousand dollars from that company. A motion for a new trial was denied the company, and it excepted, assigning error here on that denial.

Whenever a person is killed by the running of the train of a railroad company, the presumption is, by our statute, that the company's negligence caused the death, and the company can rebut that presumption only by showing that it was not negligent. It may do this by showing that its agents and servants used all ordinary and reasonable care and diligence in running its train. We think that the facts disclosed in this record show that this onerous burden was successfully carried in this case, and that the homicide, if it did not result entirely and solely from the negligence and carelessness of the deceased, was an accident which all ordinary and reasonable care and diligence on the part of the company could not have prevented.

Deceased met his death on the track of the defendant's road, where that track and the track of the Western and Atlantic road are but a few feet apart, about fifteen feet. The train of the Western and Atlantic was a little ahead of defendant's train. Deceased was on the track of the former, and got off it, as that train approached, and on defendant's track. It was at a curve where he could be seen but a short distance, in consequence of a hill, around which

East Tennessee, Virginia and Georgia Railroad vs. Hartley.

the track curved.   A dense smoke, caused by the Western and Atlantic engine, settled on the defendant's track along this hill, which kept it from flying off, on a damp, still morning, and prevented the engineer and fireman of defendant from seeing the unfortunate man, who was watching the train which passed him, and on account of its noise did not hear that of defendant's approaching train.   Persons on the foremost train tried to warn him by signals, but he; supposing probably that they were merely saluting or hurrahing him, laughingly kept his eyes upon them until the engine of defendant was upon him, and he was tossed in the air, a dead man.   The engineer and fireman of defendant were both in their proper places and on the lookout, but the shortness of the visual space and the density of the smoke prevented their seeing him until he was in the air by momentum of the shock.   So that they used all ordinary and reasonable care and diligence, and the presumption of carelessness and negligence was rebutted.

Moreover, the deceased had no right to be on either track, and when he left the Western and Atlantic track, on seeing that train approach, he could easily have got off on to the public road hard by, or have stood between the tracks of the two roads, and thus have been alive now.

If there were negligence, it was his; certainly this record shows none in the company.

We feel it our duty, therefore, to reverse the judgment of the superior court, and to direct that the verdict be set aside and a new trial be granted.

Judgment reversed.